IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEROY BELL, et al., | } |
| Plaintiffs, | } CIVIL ACTION NO. |
| v. | } CV-01-AR-1474-S |
| LIFE INSURANCE COMPANY OF GEORGIA, | } |
| Defendant. | } |

ENTERED
JUL - 3 2001

## MEMORANDUM OPINION

The court has before it a motion by plaintiffs, Leroy Bell, et al., to remand their above-entitled case to the Circuit Court of Jefferson County Alabama, from whence it was removed by defendant, Life Insurance Company of Georgia, on the bases both of diversity jurisdiction and of federal question jurisdiction. Meanwhile, defendant has asked the court for a stay pending a ruling on whether the case should be transferred to the Multi-District Litigation Panel, which, if transferred, would have to deal with what this court finds to be a rather simple jurisdictional issue. This court feels entirely capable of deciding whether or not it has subject matter jurisdiction, and finds that it does not.

The affidavit of Professor George L. Priest submitted by defendant to prove the existence of the requisite amount in controversy for effecting a removal under 28 U.S.C. §1332, was prepared without reference to the very recent *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, ___ U.S. ___, 121 S.Ct. 1678



(2001), the case to which this court referred in *Arnold v. Guideone Specialty Mutual Insurance Company*, ____ F.Supp.2d ____ 2001, WL 577873 (N.D. Ala. 2001), and standing for the proposition that it is no longer as likely as it once was for an Alabama court to permit a weak case to go to a jury, much less to let a runaway jury verdict stand. More importantly, and dispositively, plaintiffs have an absolute right to limit the amount they seek in their state court complaint to less than $75,000, as these plaintiffs have done, even though their sole motive may be to frustrate removal. There is simply no basis for a removal pursuant 28 U.S.C. §1332.

As to the alleged existence of a federal question appearing on the face of the complaint, plaintiffs are the masters of their forum fate. These plaintiffs have carefully crafted a complaint in which this court can detect no basis for a removal under 28 U.S.C. §1331. Plaintiffs may be sorry that they adamantly refuse to rely upon any theory of liability based on federal law, and, instead, boldly disclaim any intent to do so. They expressly limit their claims to causes of action allegedly provided by Alabama law. If they have failed to state a claim under state law or can prove no such claim, they will be disappointed. But this court is not prepared, in effect, to grant an unfiled defendant's motion to dismiss all the state law claims or to recognize some kind of transmogrification by so-called "field preemption", by which Congress precludes all state law liability theories in a particular field. Plenty of states recognize causes of action like the one

plaintiffs are trying to pursue.  The field is not preempted.

This court's reluctance to substitute its judgment for that of plaintiffs' counsel is a reflection of Judge Nelson's reasoning in *Campbell v. General Motors Corp.*, 19 F.Supp.2d 1260, 1275-76 (N.D. Ala. 1998), with which this court agrees.

For these reasons, plaintiffs' motion to remand will be granted by separate order.

DONE this  3rd  day of July, 2001.

                                          WILLIAM M. ACKER, JR.
                                        UNITED STATES DISTRICT JUDGE